**UNITED STATES of America,**
Appellant,
v.
**AHTANUM IRRIGATION DISTRICT, a corporation, et al., Appellee.**
No. 17997.

United States Court of Appeals
Ninth Circuit.
Nov. 2, 1964.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, William H. Veeder, and Edmund B. Clark, Dept. of Justice, Washington, D. C., for appellant.

Palmer, Willis & McArdle, and Fred C. Palmer, Gavin, Robinson, Kendrick & Redman, and John Gavin, Yakima, Wash., for appellees.

John J. O'Connell, Atty. Gen. for State of Washington, Charles B. Roe, Jr., Asst. Atty. Gen., and E. P. Donnelly, Sp. Asst. Atty. Gen., Olympia, Wash., for appellee State of Washington.

James B. Hovis, Yakima, Wash., amicus curiæ Yakima Tribe of Indians.

Before CHAMBERS, POPE and MERRILL, Circuit Judges.

## PER CURIAM.

In an opinion on an earlier appeal in this case, 330 F.2d 897, we held that the individual defendants must prove and establish their water rights, and the extent thereof, as of 1908, for the purpose of measuring their rights under a certain 1908 agreement between the United States and the predecessors of these defendants. Upon this second appeal our decision noted that the Master, who heard the case on retrial and whose findings were in general adopted by the court, had misunderstood and misapplied our for-mer directions. We noted, however, that on the basis of certain findings of the Master, and upon the evidence adduced, the true extent of those water rights was apparent since there was no conflict in the evidence which conclusively disclosed the limited nature thereof. Accordingly we remanded with specific directions as to the modification of the decree.

In a petition for rehearing appellees, after quoting our statement that the evidence "discloses a complete unanimity as to the fact that water was generally not available after the first of July each year," asserted that they should have an opportunity to argue that this conclusion of ours was erroneous, and to have an opportunity to point out the record in detail. They asserted that substantial evidence in the record shows late summer irrigation in and before 1908; that scrutiny of the record would show 58 instances in which witnesses had testified to the raising and production of late water crops, and the use of late water after July 10 in the year 1908 and in the years before.[1]

Considering that if that assertion of appellees was correct we might find it necessary to remand the case for a new trial to determine the extent of these water rights, we entered an order requesting appellee to supplement its petition "by making a detailed reference to and explanation of, the matters alluded to in footnote 1 on page 4 of its petition. Such supplement may be typewritten and its length is not limited. It should be filed within 45 days from this date." Appellant was requested to reply to the petition and such supplement within a further period of 45 days.

The said supplement has been filed as requested, and also the reply thereto. The supplement lists 53 items of evidence stating what purports to be the substance of each. We have gone through each of these items, referring to the appropriate pages of the record. We had previously

1. In a footnote appellees said:
"Limitations of space do not permit detailed references to the record at this point. Counsel have examined Volume 21, page 11988 through Volume 27, page 13643, et seq., and the references are located in those pages."

read all of these portions of the record in arriving at the conclusion stated in our opinion. Our further examination of the record, in the light of the petition for rehearing and the supplement thereto, convinces us that our former conclusion was right.

Accordingly, the petition for a rehearing is denied.